Johnnie Mae THOMAS, Plaintiff,

v.

F.F. FINANCIAL, INC., Creative Realty of Long Island, Inc., J. Perelmutter, Burton Flax, Vincent Basile and Katherine McGee, Defendants.

No. 88 Civ. 7178 (RPP).

United States District Court,
S.D. New York.

Dec. 4, 1989.

Walker & Bailey, New York City, for plaintiff.

Mario B. Mikelinich, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr.,
District Judge.

Plaintiff moves to compel the further deposition of Burton Flax, Esq., a named defendant. At the deposition of Flax by plaintiff's attorney, Flax refused to answer a number of questions regarding his business dealings with two other defendants, Jhanna Perelmutter and F.F. Financial, claiming that such information was protected by the attorney-client privilege. Flax, an attorney, had previously represented Perelmutter in connection with the purchase of real estate and continues to represent Perelmutter in financial transactions conducted through F.F. Financial. Plaintiff contends that Perelmutter waived the privilege with regard to these matters.

The classic statement of attorney-client privilege adopted in this Circuit is as follows:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the

purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Drimmer v. Appleton*, 628 F.Supp. 1249, 1251 (S.D.N.Y.1986); *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358 (D.Mass.1950). This Circuit has also used Wigmore's formulation of the elements of attorney-client privilege, "(1) where legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." *Quintel Corp., N.V. v. Citibank, N.A.*, 567 F.Supp. 1357, 1360 (S.D.N.Y.1983); 8 Wigmore, *Evidence*, § 2292 at 554 (McNaughton rev. 1961). The outcome of this motion is the same whichever statement of the privilege is used.

Both formulations indicate that it is the client who holds the privilege and likewise it is the client who may waive or consent to the waiver of the privilege. "Voluntary disclosure or the consent to the disclosure of a communication otherwise subject to a claim of privilege effectively waives the privilege." *In re Penn Central Commercial Paper Litigation*, 61 F.R.D. 453, 463 (S.D.N.Y.1973); *see also*, McCormick, *Evidence*, § 97 (1954). Such a waiver may be effected implicitly by the client's actions. *In re Von Bulow*, 828 F.2d 94, 101 (2d Cir.1987). Furthermore, the waiver by the client as to a particular communication may be extended to encompass the subject matter of the communication. In other words, as formulated by Wigmore, "[t]he client's offer of his own or the attorney's *testimony* as to a *specific communication* to the attorney is a waiver as to all other communications to the attorney on the same matter." *In re Von Bulow*, 828 F.2d at 103 (quoting 8 Wigmore, *Evidence*, § 2327 at 638) (emphasis in original). The Court of Appeals in *In re Von Bulow* criticized the practice of broadening a waiver to include subject matter in cases where the disclosures of privileged information are made extrajudicially and without prejudice to the party invoking the privilege. However, in this case, the disclosures in question were not made extrajudicially, but in the course of the client's deposition, and Flax's claim of privilege prejudices plaintiff by preventing her from obtaining full discovery of relevant material.

Examination of the deposition questions which Flax refused to answer based upon a claim of privilege reveals that in almost every instance Perelmutter had answered similar questions at her deposition, thereby waiving her privilege in the matter. The questions to which Flax claimed attorney-client privilege and Perelmutter's relevant testimony are summarized briefly below.

First, Flax objected to a question asking him to recall the dates and parties for transactions involving F.F. Financial and Perelmutter. Deposition of Burton Flax, May 2, 1989 ("Flax Deposition"), pp. 38–39. Perelmutter, when asked this question, did not know the exact dates of the transactions, but agreed to check her records and enter the information into the deposition. Deposition of Jhanna Perelmutter, March 23, 1989 ("Perelmutter Deposition"), p. 27. Perelmutter's agreement to enter the information, and her failure to claim privilege, constitutes a waiver of the attorney-client privilege with respect to the subject area of the duties and parties of her transactions with F.F. Financial.

Flax also raised the privilege when he was asked if he had charged Perelmutter a fee in the Thomas transaction. Flax Deposition, p. 47. Perelmutter had stated at her deposition that Flax had not charged her any fees for the transactions or any other legal services performed by Flax for Perelmutter or members of her family. Perelmutter Deposition, p. 37. Again, Perelmutter's answer waives the attorney-client privilege with regard to this subject.

Flax further objected when he was asked the value of Perelmutter's initial investment. Flax Deposition, p. 53. Yet, Perelmutter had reported in her deposition that the amount of the initial investment was approximately a little over $20,000, thereby

waiving the attorney-client privilege with respect to that information. Perelmutter Deposition, p. 34.

In a related matter, Flax was asked and refused to reveal the current value of Perelmutter's investment. Flax Deposition, p. 53. Perelmutter testified, without claiming privilege, that she never knew the exact value of her investment, but knew that it was her initial investment plus interest. Perelmutter Deposition, p. 38. These disclosures by Perelmutter waived the privilege with respect to that information.

 Finally, Flax was asked if he had charged Perelmutter's father for legal representation in various legal matters. Flax Deposition, p. 47. Perelmutter answered that her father had never been charged fees. In this instance, since the privilege rests with the client, here the father, Perelmutter was not entitled to waive the attorney-client privilege as to that communication. Nonetheless, the fee arrangement between lawyer and client is not a confidential communication for purposes of the attorney-client privilege. Accordingly, in this instance the privilege does not apply. *See Priest v. Hennessy,* 51 N.Y.2d 62, 409 N.E.2d 983, 431 N.Y.S.2d 511 (1980); *Oppenheimer v. Oscar Shoes, Inc.,* 488 N.Y. S.2d 693, 111 A.D.2d 28 (1st Dep't 1985).

This juxtaposition of questions and answers makes it clear that Perelmutter's voluntary disclosure of the relationship among herself, Flax and F.F. Financial effectively waived her attorney-client privilege in these areas. It follows that her waiver necessarily eliminates the right of her attorney to invoke the privilege at his deposition. Hence, Flax may not rely on attorney-client privilege to avoid answering those questions, with the single exception of the question regarding Flax's relationship with Perelmutter's father.

The doctrines of implied waiver and subject matter waiver, as well as broad discovery in general, are intended to imbue the proceedings with fairness and to avoid the use of privilege as a tactical weapon. Consequently, once the client waives the privilege the client cannot then insist the mouth of the attorney be shut. *In re Von*

*Bulow,* at 101. In the case at bar, Flax is claiming privilege as to questions previously answered by his client at her deposition, suggesting that he is attempting to use the privilege to protect himself as a defendant, and not to protect the interests of his client. That is not the proper role of the attorney-client privilege.

For the foregoing reasons, the privilege had been waived when Flax asserted it, or it does not apply, and plaintiff is entitled to Flax's answers at a further deposition. Accordingly, defendants are hereby ordered to produce defendant Flax for further deposition, and Flax is ordered to answer the questions referred to above, and *any other appropriate questions, in a manner consistent with this opinion.*

SO ORDERED.