**RICHMARK CORPORATION, a California corporation, Plaintiff,**

v.

**TIMBER FALLING CONSULTANTS, INC., an Oregon corporation, Defendant.**

**TIMBER FALLING CONSULTANTS, INC., an Oregon corporation, Counterclaim Plaintiff,**

v.

**RICHMARK CORPORATION, a California corporation; Peacock Manufacturing Company, Inc., a Texas corporation; Beijing Ever Bright Ind. Co., a foreign corporation; Zhu Yuanchang; Eugene Wang; James Yang; and Francis Tong, Counterclaim Defendants.**

**Civ. No. 88–1203–FR.**

United States District Court, D. Oregon.

June 25, 1991.

Thomas V. Dulcich, Kurt F. Hansen, Schwabe, Williamson & Wyatt, Portland, Or., for Richmark Corp.

John F. Neupert, Stephen K. Bushong, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for Timber Falling Consultants, Inc.

Thomas G.P. Guilbert, Portland, Or., David A. Ranheim, C. Ann Olson, Dorsey & Whitney, Minneapolis, Minn., for Beijing Ever Bright Ind. Co.

Gregory J. Miner, Bogle & Gates, Portland, Or., for non-party Bogle & Gates.

## OPINION

FRYE, District Judge:

The matters before the court are:

1) Non-party Bogle & Gates' motion to quash or, in the alternative, for a protective order (# 340);

2) Dorsey & Whitney's motion to quash and, in the alternative, to modify and for a protective order (# 343); and

3) Beijing Ever Bright Ind. Co.'s motion for a protective order (# 345).

## BACKGROUND

On January 11, 1991, this court granted the motion of Timber Falling Consultants, Inc. (TFC) for a judgment debtor examination of and a restraining order against judgment debtor Beijing Ever Bright Ind. Co. (Beijing Ever Bright). On February 1, 1991, this court filed a restraining order against Beijing Ever Bright, which provided, in part, as follows: "Beijing Ever Bright Ind. Co. ('Beijing Ever Bright') is restrained from selling, transferring, or in any manner disposing of any property in the United States pending this proceeding, or until such time as this court's final judgment, dated June 5, 1990, is fully satisfied." The order further states: "This order is binding on the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in

active concert or participation with them, who receive actual notice of this order by personal service or otherwise."

On April 19, 1991, TFC served a subpoena duces tecum upon the law firm of Bogle & Gates, local counsel for Beijing Ever Bright in this action prior to May, 1991, seeking production of the following documents:

1. All documents that relate to or reflect any agreement to perform legal services for or on behalf of Beijing Ever Bright.... This request includes, but is not limited to, any engagement or retainer letters.

2. All documents that relate to or reflect the value of work performed for or on behalf of Beijing Ever Bright since January 11, 1991. This request includes, but is not limited to, computer reports showing the value of work in progress.

3. All documents that relate to or reflect amounts owed to you by Beijing Ever Bright on or after January 11, 1991. This request includes, but is not limited to, all invoices, statements of accounts, bookkeeping entries, and the like.

4. All documents that relate to or reflect amounts received by you in payment of legal services performed for or on behalf of Beijing Ever Bright on or after January 11, 1991. This request includes, but is not limited to, all checks, wire transfer records, application of retainers, and the like.

5. All documents that relate to or reflect any transfer or disposal of any of Beijing Ever Bright's property in the United States on or after January 11, 1991.

6. All documents that relate to or reflect proposed or pending transactions involving Beijing Ever Bright, in which money or property is bought, sold, traded, exchanged, invested, disposed, or otherwise involved in the United States.

On April 23, 1991, TFC served a subpoena duces tecum upon the law firm of Dorsey & Whitney, counsel for Beijing Ever Bright, seeking identical information.

Bogle & Gates and Dorsey & Whitney move the court for an order quashing these subpoenas or, in the alternative, for a protective order on the grounds that 1) the information sought is not reasonably calculated to lead to admissible evidence; 2) the information sought is protected by the attorney-client privilege; and 3) the order of this court was effective on February 1, 1991, and not January 11, 1991. Dorsey & Whitney argue further that the service of the subpoena was not proper. Beijing Ever Bright argues that inquiry by Bogle & Gates into the engagement and compensation of counsel is not proper and moves the court for a protective order.

TFC, in response, argues that the information requested is relevant; the attorney fee information is not privileged; and the effective date of the restraining order is January 11, 1991.

## ANALYSIS

Fee information is generally not privileged. *Federal Sav. and Loan Ins. Corp. v. Ferm,* 909 F.2d 372, 374 (9th Cir. 1990). The "[p]ayment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship." *Tornay v. United States,* 840 F.2d 1424, 1426 (9th Cir.1988). The court finds that the information sought in request 4 of Exhibit A attached to the subpoena is relevant and not protected by the attorney-client privilege. The court will allow attorney fee information to be discovered from on or after January 11, 1991.

The court will grant both motions to quash the subpoenas as to the remaining matters at this stage in the proceedings and based upon the record currently before the court.

## CONCLUSION

The motion to quash of Bogle & Gates (# 340–1) is denied as to the documents sought in request 4 of Exhibit A attached to the subpoena and granted as to the remainder of the motion. The alternative motion for a protective order (# 340–2) is denied.

The motion to quash of Dorsey & Whitney (# 343–1) is denied as to the documents sought in request 4 of Exhibit A attached to the subpoena and granted as to the remainder of the motion. The alternative motion to modify the subpoena or for a protective order (# 343–2) is denied.

The motion for a protective order of Beijing Ever Bright (# 345) is denied.