**FEDERAL TRADE COMMISSION,**
**Plaintiff,**

v.

**The CAMBRIDGE EXCHANGE, LTD.,**
**INC., et al., Defendant.**

**No. 93–6300–CIV–KING.**

United States District Court,
S.D. Florida.

Dec. 22, 1993.

Hugh G. Stevenson, John Rothchild, and Darren A. Bowie, F.T.C., Washington, DC and Robert Rosenberg, Asst. U.S. Atty., Ft. Lauderdale, FL, for plaintiff.

Samuel I. Burstyn, Miami, FL, for defendant, Cambridge Exchange Ltd.

David Henry Lichter and Thomas H. Seymour, Kenny, Nachwalter, Seymour, Arnold & Critchlow, P.A., Miami, FL, for defendants Wellington Art Ltd., Inc. and Steven Stier.

Jeffrey Emmons, pro se.

Richard Attas, pro se.

Robert Sweeney, pro se.

Emily Wheler, Steel Hector & Davis, Miami, FL, for receiver, Frank Scruggs.

### ORDER DENYING KENNY NACHWALTER'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes to this Court upon Kenny Nachwalter Seymour Arnold Critchlow & Spector, P.A.'s ("Kenny Nachwalter") Motion to Quash Subpoena and Motion for Protective Order, filed November 26, 1993. Kenny Nachwalter represents Defendant Steven Stier in this matter. Plaintiff, the Federal Trade Commission (the "FTC"), filed a Memorandum in Opposition on December 6, 1993, and Kenny Nachwalter filed a Reply on December 13, 1993.

Plaintiff has noticed the deposition of Kenny Nachwalter and subpoenaed from them all documents relating to payment received or promised for legal services performed in connection with the above-styled case. Al-

though the Court has entered a preliminary injunction freezing all assets of Defendants Cambridge, Wellington and Steven Stier, the FTC is apparently concerned that Steven Stier is using money fraudulently transferred to pay his legal expenses. Therefore, the FTC seeks all documents relevant to the amount and source of attorneys fees paid or promised for legal services performed or expected to be performed.

■ In their Motion to Quash, Kenny Nachwalter argues that the documents requested are privileged communications and therefore not subject to disclosure. The Court disagrees. The general rule is that the identity of a client or receipt of fees from a client are not normally within the attorney-client privilege. *U.S. v. Leventhal,* 961 F.2d 936 (11th Cir.1992); *In re Grand Jury Proceedings 88–9,* 899 F.2d 1039 (11th Cir.1990). In fact, Courts have specifically held that billing records, hourly statements, and fee arrangements which do not reveal client communications are not protected by the attorney-client privilege. *P & B Marina, Ltd. Partnership v. Logrande,* 136 F.R.D. 50 (E.D.N.Y.1991) *aff'd* 983 F.2d 1047 (2d Cir. 1992); *Real v. Continental Group, Inc.,* 116 F.R.D. 211 (N.D.Cal.1986); *Thomas v. F.F. Financial, Inc.,* 128 F.R.D. 192 (S.D.N.Y. 1989).

Kenny Nachwalter contends that Courts which have permitted discovery of fee-related documents have done so in limited circumstance using caution and discretion. In particular, they contend that the contexts in which disclosure has been permitted—grand jury investigations, Internal Revenue Service proceedings, and cases involving the issue of attorney's fees—are distinguishable from the case at bar. Therefore, they urge the Court to adopt a narrow interpretation of the general rule.

■ It is unnecessary to consider whether in fact this case is distinguishable from those categories of cases cited by Kenny Nachwalter. While courts that have permitted disclosure of fee-related documents have most fre-

quently done so in the types of cases cited by Kenny Nachwalter, no Court has held that the general rule allowing disclosure is necessarily restricted to those types of cases. The determinative factor is not the category of case in which the issue is raised, but rather whether the information itself is privileged or not privileged. The rule is that information regarding attorney's fees does not fall within the attorney-client privilege *unless* its disclosure would reveal other privileged information, such as trial strategy or the nature of legal services performed. *Leventhal,* 961 F.2d at 940. Thus, only if the documents requested fall within this narrow exception, known as the "last link" doctrine, will the documents acquire privileged status.

■ Plaintiff's subpoena requests three categories of documents related to the amount and source of attorney's fees paid and promised. First, Plaintiff requests:

All checks, wire transfer documents, receipts, bookkeeping documents, journals, ledger and other documents evidencing payment received or promised, or the source of payment received or promised, for legal work performed or to be performed in connection with th[is] matter ...

(Plaintiff's Notice of Deposition and Document Subpoena to Kenny Nachwalter, Attachment A, # 1). Such documents do not by their nature reflect confidential communications. In fact, one district court has specifically held that requests for documents reflecting amounts received by a law firm as payment for services rendered, including all checks, wire transfer records, and applications of retainers are not protected by the attorney-client privilege. *Richmark Corp. v. Timber Falling Consultants, Inc.,* 767 F.Supp. 213 (D.Or.1991). Although *Richmark* is not controlling in this jurisdiction, the Court agrees with the district court's holding in that case and, therefore, finds that request # 1 of Attachment A is discoverable.

■ Plaintiff's second[1] and third[2] requests are also non-privileged information.

---

1. Plaintiff's second request includes:
   All correspondence evidencing or referring to the subject of legal fees or costs that was received from or sent to anyone, other than Steven Stier, who has paid or promised payment for legal work performed or to be performed in the *Cambridge* matter.

(Plaintiff's Notice of Deposition and Document Subpoena to Kenny Nachwalter, Attachment A, # 2).

2. Plaintiff's third request includes:
   All documents indicating the name, address, or telephone number of anyone who has paid or

Correspondence to or from a third party regarding the payment of a client's fees are not covered by the attorney-client privilege as they are not communications between the attorney and the client, himself. Given this, it is unlikely that such correspondence would include privileged information, because (1) any disclosure of privileged information to a third party which was not authorized by the client would constitute breach of the attorney's duty of confidentiality, and (2) even if the client authorized the disclosure, such disclosure would constitute waiver of the privilege for all purposes.

Thus, on the face of the subpoena, the Court finds that the disclosure of the requested documents will not reveal any privileged communications.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Kenny Nachwalter's Motion to Quash Subpoena and Motion for Protective Order be, and the same is hereby, DENIED.

DONE and ORDERED.

promised payment for legal work performed or to be performed in the *Cambridge* matter.

(Plaintiff's Notice of Deposition and Document Subpoena to Kenny Nachwalter, Attachment A, # 3).