**NEW YORK STATE TEAMSTERS COUNCIL PREPAID LEGAL SERVICES PLAN, New York State Teamsters Council Health and Hospital Fund,**

and

James M. Carlton, Ronald Morin, Paul E. Bush, Dawson Cunningham, Anthony R. Simoes, Frank Posato, Eugene Briggs, and Victor C. Olivadoti, as Trustees of the New York State Teamsters Council Health and Hospital Fund and the New York State Teamsters Council Prepaid Legal Services Plan, Plaintiffs,

v.

**PRIMO & CENTRA, Formerly the Primo Law Firm, Robert N. Primo, John V. Centra, David M. Primo, Steven J. Primo, and Terry J. Kirwan, Jr., Defendants.**

Civ. No. 93–CV–1222.

United States District Court, N.D. New York.

Jan. 24, 1995.

Dickstein, Shapiro & Morin (Robert Higgins, Kenneth Lyons, of Counsel), Washington, DC, for New York State Teamsters Council Prepaid Legal Services Plan, New York State Teamsters Council Health and Hosp. Fund.

DeGraff, Foy, Holt–Harris & Mealey (James T. Potter, of Counsel), Albany, NY, for Individual Trustee of Plan & Fund.

Bond, Schoeneck & King (George H. Lowe, of Counsel), Syracuse, for defendants.

### DECISION AND ORDER

SCULLIN, District Judge:

### INTRODUCTION

Before the court is defendants' appeal from Magistrate Hurd's discovery order filed July 20, 1994. This appeal arises from an action plaintiffs commenced on September 21, 1993, alleging breach of fiduciary duties and fiduciary prohibited transactions under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a) *et seq.* The discovery dispute arose because defendants refused to produce documents in response to Interrogatory # 2: "All documents that constitute or relate to any file opened by Primo for any beneficiary of the Fund;" and Interrogatory # 3: "All documents that constitute or relate to the bills for legal fees submitted by Primo

to the Fund." The plaintiffs moved for an order compelling discovery.

On February 14, 1994, Magistrate Hurd granted plaintiffs' motion to compel discovery, subject to enumerated conditions relating to confidentiality. By order dated April 29, 1994, this Court remanded the matter to Magistrate Hurd for a statement of facts and legal basis for his determination. On remand, Magistrate Hurd elaborated that (1) plaintiffs needed the documents in order to fulfill their fiduciary duties and to administer the New York State Teamsters Council Prepaid Legal Services Plan ("Legal Services Plan"); and (2) that the claim form executed by each union member/client prior to receiving legal services under the Legal Services Plan was sufficient to justify limited disclosure under the circumstances of this case.[1]

This court affirms that ruling.

### DISCUSSION

### I. STANDARD OF REVIEW

■  Discovery matters are generally considered non-dispositive.[2] *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990). In accord with 28 U.S.C. § 636(b)(1)(A), this court reviews the magistrate's order on a non-dispositive pre-trial matter under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). A decision is "clearly erroneous" when the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *Evans v. Visual Technology Inc.,* 1994 WL 28002 (N.D.N.Y.1994) (McCurn, J.). A magistrate is afforded broad discretion with respect to discovery matters because no one factor controls discovery disputes, rather the magistrate must

---

1. The claim form provided, in pertinent part, that:

    I consent to necessary information regarding the type of legal services rendered being divulged to the Executive Administrator, independent auditor, and/or general counsel of the legal benefit plan to assist him in maintaining proper administrative functions, to guarantee quality control methods, to maintain statistical matters, and to make payment of legal services rendered directly to the panel fund attorney.

2. Defendants claim that an order compelling discovery of privileged material is a "dispositive" matter. As support, defendants cite cases in which mandamus was used to review discovery orders relating to the attorney-client privilege— orders that are interlocutory and otherwise unreviewable. Those cases are inapplicable here, however, because they only deal with whether such discovery issues are reviewable under mandamus, not the standard to be applied when they are reviewed. Here, there is no question that the magistrate's order is subject to review.

balance the need for the information sought against the burden of producing it and the exposure to irreparable harm. *Id.*

## II. ATTORNEY–CLIENT PRIVILEGE

Here, the magistrate was faced with, *inter alia,* a claim of attorney-client privilege. The attorney-client privilege is a privilege of common law that is to be applied "in light of reason and experience." *United States v. Zolin,* 491 U.S. 554, 562, 109 S.Ct. 2619, 2625–26, 105 L.Ed.2d 469 (1989); Fed. R.Evid. 501. The central purpose behind the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). Nonetheless, the privilege is not absolute. "Since the privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose." *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976).

■ "In cases involving issues of federal law, courts in the Second Circuit generally have adopted the following detailed test to analyze disputes involving the attorney-client privilege:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication related to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) *not waived by the client.*"

*Stirum v. Whalen,* 811 F.Supp. 78, 81 (N.D.N.Y.1993) (Munson, J.) (emphasis added). "A waiver may be effected through voluntary disclosure by the client, through the client's express consent to disclose, or through implication gleaned from the client's actions." *Id.; Bowne of New York City, Inc., v. AmBase Corp.,* 150 F.R.D. 465, 478 (S.D.N.Y.1993) ("The attorney-client privilege is waived if the 'holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication.' "). Furthermore, the burden is on the party asserting the privilege to establish all the elements of the privilege by competent evidence. *Bowne,* 150 F.R.D. at 470.

■ In response to plaintiffs' motion to compel, the magistrate found that the requested documents were relevant and reasonably calculated to lead to the discovery of admissible evidence. Order dated July 15, 1994, at 3; Fed.R.Civ.P. 26(b). The magistrate further found that the claim forms executed by each member/client were "clearly sufficient to justify disclosure under the circumstances of this case...." Order dated July 15, 1994, at 3. Nevertheless, as an added measure of protection and because of the particular factual circumstances of the case, the magistrate set up procedures to ensure confidentiality and also provided defendants with the opportunity to "re-apply to this court for a more restrictive order, or in the alternative, to ask this court to make an *in camera* review as to whether or not the document need be disclosed at all." *Id.* at 4.

The defendants have not convinced this court that the magistrate's order was clearly erroneous or contrary to law; particularly in view of the added confidentiality measures and the opportunity to revisit the privilege issues prior to disclosure.

Therefore it is hereby

ORDERED that Magistrate Hurd's Order filed July 20, 1994 is AFFIRMED.

**IT IS SO ORDERED.**