**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION,**
Plaintiff/Appellee,

v.

**Kimberleigh FERM, et al.,**
Defendants/Appellants.

**Kurahara & Morrissey, Real Party in Interest & Appellant.**

**No. 89–55231.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1989.

Decided July 20, 1990.

Joseph R. Kafka and Michael T. Morrissey, Kurahara & Morrissey, San Jose, Cal., for defendants-appellants and the real party in interest.

Mark S. Lee, Lawler, Felix & Hall, Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, and SCHROEDER and O'SCANNLAIN, Circuit Judges.

SCHROEDER, Circuit Judge:

The law firm of Kurahara & Morrissey and its client Kimberleigh Ferm appeal the district court's issuance of an accounting order which required the law firm to submit invoices for legal services performed for Ferm so that the district court could determine if the fees charged were reasonable. We affirm.

Kurahara & Morrissey represent Ferm in an action by the Federal Savings and Loan Insurance Corporation (FSLIC) against her for conspiracy to conceal and fraudulently transfer funds allegedly illegally obtained from a bankrupt savings and loan association. On October 28, 1987 the district court issued a preliminary injunction freezing Ferm's assets during the pendency of FSLIC's action against her. That order is not at issue here. Two weeks later the district court modified the injunction, permitting Ferm to withdraw funds to pay for reasonable attorney's fees. That modification is also not at issue here.

On November 4, 1988 FSLIC filed a motion for an accounting order against Kurahara & Morrissey, alleging that the firm was charging unreasonable fees and expenses. The district court granted FSLIC's motion and further modified the injunction to require Kurahara & Morrissey to submit to the court all invoices for legal services and expenses rendered in connection with Ferm's defense. The invoices were to be submitted on a monthly basis for an *in camera* review, so that the district court could determine whether the firm's fees were reasonable. The law firm and the client appeal, contending that the court lacked authority to enter such an order. We have jurisdiction to review the accounting order under 28 U.S.C. § 1292(a)(1)

which provides for appellate review of district court orders modifying injunctions.

Kurahara & Morrissey's first contention on appeal is that the district court lacked the power to issue an accounting order prior to a final judgment against Ferm. The law firm's theory is that such a restriction on the use of assets is tantamount to prejudgment of the merits of the lawsuit. Appellate court decisions, however, have consistently permitted district courts to limit or to review the amount payable to attorneys from frozen assets before a final judgment on the merits has been reached. We pointed this out in *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 347–48 (9th Cir.1989). *See, e.g., FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 575–76 (7th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 366, 107 L.Ed.2d 352 (1989); *United States v. Moya–Gomez*, 860 F.2d 706, 730 (7th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989) (district court under forfeiture statute has continuing obligation to "scrutinize carefully the amount of attorneys' fees in order to avoid lavish fees or improper payments to the attorney"); *FSLIC v. Dixon*, 835 F.2d 554, 562, 564–65 (5th Cir.1987). *See generally FSLIC v. Sahni*, 868 F.2d 1096, 1097 (9th Cir.1989) (district court may freeze assets in FSLIC cases where FSLIC likely to succeed on the merits). In a similar vein, the Supreme Court recently held that a district court may restrain a defendant from using disputed funds to pay for attorneys' fees before a final judgment on the merits has been rendered. *United States v. Monsanto*, — U.S. ——, 109 S.Ct. 2657, 2666–67, 105 L.Ed.2d 512 (1989). These decisions recognized the importance of preserving the integrity of disputed assets to ensure that such assets are not squandered by one party to the potential detriment of another. Here the district court's accounting order protects already frozen assets from possible excessive dissipation due to unreasonable attorneys' fees. It ensures compliance with the preliminary injunction's requirement that otherwise frozen funds be used solely for fees which are "reasonable." *See Commodity Futures Trading Com'n v. Co Petro Mktg.*, 700 F.2d 1279, 1282–83 (9th Cir.1983) (court allowed to order return of attorneys' fees paid in violation of permanent injunction freezing assets).

Appellants next contend that the district court's order requiring the submission of invoices for legal services provided to Ferm violates both the attorney-client and the attorney work product privileges. Fee information is generally not privileged. *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir.1988). *See generally* 2 J. Weinstein, *Weinstein's Evidence* § 503(a)(4)[02](1989). The "payment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship." *Tornay*, 840 F.2d at 1426. Here, the district court's order amply protects both the confidentiality of Ferm's communications with her counsel and her counsel's mental impressions concerning litigation strategy. The order provides for *in camera* review of the invoices and leaves the submission of supporting documentation up to the discretion of the attorneys.

The Supreme Court recently affirmed the propriety of *in camera* review to preserve privileged information, stating: "it is clear that *in camera* review does not destroy the privileged nature of the contested communications" where that review is necessary to determine whether the communications themselves are privileged. *United States v. Zolin*, — U.S. ——, 109 S.Ct. 2619, 2629, 105 L.Ed.2d 469 (1989). *In camera* review protects the attorney's private thoughts from "intrusion by opposing parties and their counsel" and hence protects those interests which lie at the heart of the attorney work product doctrine. *United States v. Nobels*, 422 U.S. 225, 236–39, 95 S.Ct. 2160, 2169–70, 45 L.Ed.2d 141 (1975), *quoting Hickman v. Taylor*, 329 U.S. 495, 510–11, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947)). Similarly, *in camera* review protects the confidentiality of communications between attorney and client, thereby preserving important interests secured by the attorney-client privilege. *See Tornay*, 840 F.2d at 1426, 1428. Our approval of *in*

*camera* review in this case is by no means an authorization for indiscriminate judicial scrutiny of attorney client relationships. In this case the review is approved because of the court's legitimate inquiry into the reasonableness of fees to be paid out of lawfully frozen assets. The privileges do not pose a bar. *See United States v. Hodge and Zweig,* 548 F.2d 1347, 1353 (9th Cir.1977) (disclosure of fee arrangement did not violate attorney-client privilege where sought for legitimate purpose).

 Appellants also contend that the accounting order violates Ferm's due process rights under the fifth amendment. The order, however, does not result in any fundamental unfairness to the litigants. As the Supreme Court held in *Monsanto,* 109 S.Ct. at 2667, pretrial restraining orders which freeze assets, including funds which a defendant seeks to use to pay an attorney, do "not 'arbitrarily' interfere with a defendant's 'fair opportunity' to retain counsel" and violate neither the fifth nor the sixth amendments. In *Monsanto,* the order failed to afford the defendant any access to funds to pay an attorney. Here, the district court's order is far less intrusive. It permits Ferm to use otherwise frozen assets to pay her attorneys, requiring only that the attorneys' fees be monitored *in camera* to ensure that they are reasonable. Balanced against this slight intrusion upon Ferm's interests lies a strong public interest in preserving the integrity of the savings and loan's assets to pay wronged depositors and creditors.

 Appellants next contend that the district court erred in granting FSLIC's motion for an accounting because that motion was in essence a motion for reconsideration of an earlier similar motion and did not comply with the requirements for reconsideration set forth in Local Rule 7.16 of the United States District Court, Central District of California. Assuming, arguendo, a violation of Rule 7.16 could constitute prejudicial error, we agree with the district court that FSLIC's second motion was a new motion and not a motion for reconsideration. The second motion sought different relief than that sought in the first motion. The original motion requested a public accounting of all of Kurahara & Morrissey's prior legal fees and costs and a disgorgement of allegedly excessive fees already received by the firm. FSLIC's second motion, in contrast, sought only a confidential accounting of ongoing fees for *in camera* review and included no request for disgorgement.

Appellants' final contention is that the district court has made an erroneous determination that Kurahara & Morrissey's fees and expenses are unreasonable. Contrary to appellants' contention, however, the district court has yet to rule on the reasonableness of the charged fees. It stated: "The court does not come to the conclusion that these fees appear to be excessive...." The reasonableness of Kurahara & Morrisey's fees, therefore, is an issue not properly before us.

The accounting order is AFFIRMED.