985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Plaintiff-Appellee,
v.
John L. MOLINARO, Defendant,
and
Kurahara & Morrissey, Real-Party-In-Interest-Appellant.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
John L. MOLINARO, Defendant,
and
Kurahara & Morrissey, Real-Party-In-Interest-Appellant.
 Nos. 91-56423, 91-56212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1992.
Decided Feb. 8, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-86-6016-AHS, Alicemarie H. Stotler, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN NO. 91-56212 AND REVERSED IN NO. 91-56423.
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 During litigation to recover approximately $1.3 million that Kimberleigh Ferm received from her former husband John Molinaro, FDIC began to suspect that Ferm's attorneys, Kurahara & Morrissey (K & M), were charging unreasonable attorney's fees that threatened to dissipate Ferm's assets despite the presence of a preliminary injunction (approved in FSLIC v. Ferm, No. 87-6729, reported in table at 881 F.2d 1083 (9th Cir.1989)) prohibiting Ferm from spending any money except that needed for living expenses and "reasonable" attorney's fees.
 
 
 3
 FDIC moved for an order requiring K & M to repay a portion of its fees. The court denied the motion without prejudice to refiling it at the close of the litigation. FDIC then moved for in camera review of K & M's bills to ensure they were reasonable. The court granted the motion and we affirmed. FSLIC v. Ferm, 909 F.2d 372 (9th Cir.1990).
 
 
 4
 The parties eventually negotiated a settlement agreement in which Ferm promised to relinquish the disputed funds in return for a release. The district court approved the settlement and entered judgment. FDIC subsequently dismissed all remaining claims against Ferm. After the court entered judgment, FDIC moved for an order requiring K & M to repay fees that FDIC claimed were excessive. The court granted the motion over K & M's opposition. Before the court issued its final ruling setting the amount to be repaid, K & M moved for an order vacating submission of the motion for repayment and dismissing the proceeding. FDIC opposed the motion and moved for sanctions against K & M.
 
 
 5
 The district court entered an order requiring K & M to repay $398,011.97 in excessive fees, denied K & M's motion to vacate submission, and ordered K & M to pay $2,975 in sanctions to FDIC. K & M appeals.
 
 I.
 
 6
 The district court had jurisdiction to determine whether K & M's fees were reasonable. Paragraph 2(d) of the settlement agreement explicitly contemplated a motion for repayment of attorney's fees, and paragraph 9 provides, "The court presiding over the Action shall retain jurisdiction to enforce the provisions of this Agreement."
 
 
 7
 The record supports the conclusion that under the settlement agreement the court's jurisdiction to consider a motion for repayment of fees did not end with the entry of judgment on the merits. K & M opposed FDIC's initial motion for repayment of fees on the ground that addressing the issue of fees during the litigation would undermine the attorney-client relationship between it and Kimberleigh Ferm and claimed the motion must be brought, if at all, at the close of litigation. The district court denied the motion "without prejudice to refiling it at the conclusion of this litigation." Thus K & M, FDIC, and the court understood any motion for repayment of fees would be brought at the end of proceedings, after judgment had been entered.
 
 II.
 
 8
 We need not decide who bore the burden of proving K & M's fees were reasonable. If K & M bore the burden, it failed to provide sufficient information for the district court to assess the reasonableness of its fees. If FDIC bore the burden, it presented sufficient evidence to establish prima facie that the fee requests were not properly supported. FDIC submitted copies of the Bank of California account statements and K & M's bills, and compiled charts of inadequately documented and unnecessary fees and costs. K & M offered no evidence to the contrary but simply argued FDIC had failed to meet its burden of proof. On this record, we cannot say the district court's finding that certain of K & M's requests for fees were unreasonable was clearly erroneous.
 
 
 9
 The district court was not required to order an accounting rather than repayment. Although FDIC moved for an accounting as an alternative, it argued primarily for repayment and did not suggest an accounting was necessary before repayment could be ordered. K & M clearly had notice FDIC sought immediate repayment and requested an accounting only as an alternative fall-back remedy.
 
 III.
 
 10
 Even if the district court had lacked jurisdiction over the motion for repayment of fees, it would have had jurisdiction to impose sanctions for filing the motion to vacate and dismiss--a motion that was in effect a motion for reconsideration. See Willy v. Coastal Corp., 112 S.Ct. 1076, 1081 (1992) ("The interest in having rules of procedure obeyed ... does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction."). However, K & M's filing of such a motion was not sanctionable. It was not improper for K & M to seek reconsideration of a decision that raised several novel issues and imposed severe financial liability on K & M. There is nothing in the record to indicate K & M filed the motion in bad faith or to delay or multiply the proceedings. See In re Grantham Bros., 922 F.2d 1438, 1443 (9th Cir.1991) (objective intent to delay proceedings will support Rule 11 sanctions); Zambrano v. City of Tustin, 885 F.2d 1473, 1481-83 (9th Cir.1989) (award of fees under Local Rule 27.1 must be based on finding of bad faith or deliberate violation of court order); Kanarek v. Hatch, 827 F.2d 1389, 1391 (9th Cir.1987) (award of fees under 28 U.S.C. § 1927 must be based on finding of recklessness or bad faith). Moreover, an award of attorney's fees for bad faith conduct may be made " 'only in exceptional cases and for dominating reasons of justice.' " Ass'n of Flight Attendants, AFL-CIO, v. Horizon Air Indus., Inc., 976 F.2d 541, 550 (9th Cir.1992) (citations omitted).
 
 
 11
 The judgment in No. 91-56212 is affirmed. The judgment in No. 91-56423 is reversed. Each side will bear its own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3