69 F.3d 543
 1995-2 Trade Cases P 71,164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
v.
Douglas OSBORNE, Defendant-Appellant,
and
Osborne Precious Metals, Inc.; Osborne Stern & Co., Defendants.
 No. 94-55615.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1995.*
Decided Oct. 27, 1995.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Douglas Osborne appeals pro se the district court's grant of summary judgment for the Federal Trade Commission ("FTC") in the FTC's action against Osborne and two corporations controlled by Osborne. Osborne also appeals the district court's refusal to authorize disbursement of frozen corporate assets for the payment of attorneys' fees and legal expenses arising from Osborne's defense of this action. We affirm the district court order in both regards.
 
 I.
 
 4
 We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Our "ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor on that evidence." T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d 626, 631 (9th Cir.1987) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). We must thus determine, viewing the evidence in the light most favorable to Osborne, whether there are any genuine issues of material fact. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248.
 
 
 5
 FTC brought suit against Osborne to obtain injunctive and equitable relief against deceptive trade practices employed by Osborne and the defendant corporations in the sale of precious metals to consumer investors. We agree with District Judge A. Wallace Tashima, who found that the evidence brought forward by FTC in support of its summary judgment motion was "extensive, detailed, substantial and, with respect to the essential elements of plaintiff's claim, uncontroverted." This evidence established numerous and clear violations of the Federal Trade Commission Act, 15 U.S.C. Sec. 45, on the part of the defendants.
 
 
 6
 Most important to our assessment of the evidence against Osborne is the fact that it was uncontroverted. With FTC having met its burden, Osborne could no longer rely on general denials or fingerpointing; instead, Rule 56(e) required him to produce specific facts showing that a genuine and material factual issue existed regarding the substantive law in question. Anderson, 477 U.S. at 256-57. This he has not done. His contentions raised below and briefed for this appeal are without merit. As noted by Judge Tashima, "Osborne's opposition misses the point and is unhelpful." It failed to create a factual issue with respect to Osborne's liability under the relevant provisions of the FTC Act.
 
 
 7
 Though it is not our province in this appeal--nor was it that of the district court below--to weigh the evidence introduced, we must find that there is more than a mere scintilla of evidence favoring the nonmoving party before we will overturn. Id. at 248-50. The evidence forwarded by Osborne does not meet this showing. As the Supreme Court has stated:
 
 
 8
 Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.
 
 
 9
 Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). For these reasons, we will not overturn the district court's grant of summary judgment against Osborne.
 
 II.
 
 10
 The district court limited Osborne's access to the frozen funds of his two corporations to $15,000 for the payment of attorneys' fees. Osborne appeals. We review the denial of an attorneys' fees motion for abuse of discretion. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986). Any elements of legal analysis involved in the district court's decision are reviewed de novo. Corder v. Brown, 25 F.3d 833, 836 (9th Cir.1994).
 
 
 11
 Osborne erroneously contends that the limitation of his access to these funds deprived him of his constitutionally protected right to representation of counsel and to prepare an adequate defense. The Sixth Amendment, however, provides defendants the right to counsel only in criminal, and not civil, proceedings. See Gideon v. Wainwright, 372 U.S. 335, 344 (1963). Moreover, the Supreme Court's decisions in United States v. Monsanto, 491 U.S. 600 (1989) and Caplin & Drysdale, Chartered v. United States, 491 U.S. 617 (1989) resolved "[a]ny doubt as to the constitutionality of freezing assets and precluding entirely their use for payment of attorney fees." F.T.C. v. World Wide Factors, Ltd., 882 F.2d 344, 347 (9th Cir.1989). "Courts regularly have frozen assets and denied attorney fees or limited the amount for attorney fees." Id.; see also FSLIC v. Ferm, 909 F.2d 372, 374 (9th Cir.1990); Commodity Futures Trading Comm'n v. Co Petro Mktg. Group, Inc., 700 F.2d 1279 (9th Cir.1983). Thus, Osborne has no legally established entitlement to the frozen funds.
 
 
 12
 Because Osborne has no legal right to obtain the frozen corporate funds to pay legal fees, we must finally determine if the district court abused its equitable discretion in limiting Osborne's access to these monies. The decision to enjoin Osborne from using these funds was made pursuant to 15 U.S.C. Sec. 53(b), which requires the district court to weigh the equities and to take into account FTC's probable success on the merits. World Wide Factors, Ltd., 882 F.2d at 346. If these factors indicate that an injunction is justified, "[h]arm to the public interest is presumed." Id.; see also United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 175-76 (9th Cir.1987).
 
 
 13
 The district court authorized the use of $15,000 of frozen assets to Osborne for attorneys' fees. It did so only after reviewing FTC's likelihood of completing a successful case against Osborne. In settling upon this amount, and in declining to authorize further disbursement of the frozen funds, the district court reasonably balanced the interests of Osborne against the victimized consumers having an interest in the outcome of this action. As such, the district court did not abuse its discretion in limiting Osborne to $15,000 of the frozen corporate funds. We will not overturn its order.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3